McIlvaine, J.
We adhere, with entire satisfaction, to the doctrines enunciated in Cincinnati v. Penny, 21 Ohio St. 499, whex’ein the former cases, decided by this court, in relation to the liability of municipal corporations for damages to adjacent proprietors, by reason of the improvement of streets, were approved.
In that case, while the liability of the municipality was .acknowledged in cases where adjacent proprietors make improvements on the faith of corpox’ate acts, whereby they ;are induced to believe that no future change in the street will be made, it was affirmed that such owners must improve, at their peril, whex'e the xvants of the public, as to the improvement of a street, have in no way been indi•cated or defined by the public authoi’ities.
But inasmuch as the decision in the case of Crawford v. Delaware, 7 Ohio St. 459, was approved in Cincinnati v. Penny, it appears that some doubt has arisen as to the true rule. The doubt arises thus, a proposition in the syllabus of Crawford’s case is: “ That when a grade has not been ■established, the owner of a lot must use reasonable care and judgment in making improvements or ei’ecting buildings with a view to a reasonable and proper grade, and the city will not be responsible for injuries to such improvements by afterward grading the street, if the grade by ordinary •care could have been anticipated.” This proposition must bo true, if the lot-owner, in such case, improves at his peril. It is not on this proposition, however, that the doubt .arises, but on a supposed implication, namely, that if the owner uses reasonable care and judgment, and is, nevertheless, injured by subsequent grading, the municipality will sbe responsible, although the grade subsequently established *335 be a reasonable one. Such implication, if it arises, is, of •course, repelled by the decision in Cincinnati v. Penny.
But it does not necessarily arise, as will be seen by an examination of the case then before the court. The ease was not one for the application of such a doctrine. We do not understand, however, that it was the intention of the court, or of the learned judge who wrote the opinion, to hold that the test of liability, in the supposed case, is the reasonableness of the care and judgment, exercised by the lot-owner, instead of the reasonableness of the subsequent grade of the street. But however that may be, we are now unanimously of opinion that if the subsequent grade, in •such case, be reasonable, or, in other words, if it be established in the reasonable exercise of the authority conferred on the municipality, at the time it is made, then such grade .should have been anticipated by the owner of the adjacent lot, and his improvements should have been made with reference thereto. Whatever latitude there may be in the •exercise of discretion in fixing the grade of a street is lodged in the municipal authorities, and not in the adjacent lot-owners.
While we recognize the general rule to be, that no liability on the part of a municipality for injury to abutting property, by reason of the improvement of a street, exists where such improvement is properly made, yet this rule is subject, as we have seen, to the exception, that where abutting property is improved with refei'ence to an existing street, so graded or improved under the authority of the public .agents having the control thereof, as to indicate, fairly and reasonably, permanency in the character of the street improvement, a liability is cast upon the city or village for injuries resulting from subsequent changes.
And it would seem to follow, as a logical sequence, that, if before, a permanent grade is thus established, the owner of an abutting lot improves the same with reference to a reasonable grade to be established in the future, and his anticipations are realized in the subsequent establishment •of the grade, he should thereafter, in respect to such im *336 provement, be entitled to enjoy the same right in the grade of the street which was thus fairly and reasonably anticipated, as if he had improved his lot after the grade had been so established. Surely the rights of such a lot-owner are equal to those of one who improves his lot after the grade was established.
But while we find the doctrine of liability on the part of the municipality, as maintained in this state, fairly stated in the charge of the probate court, we think the rule of non-liability was not well or clearly put to the jury ? especially in a case where abutting lots are improved before the grade of the street has been established, and the buildings thereon are afterward injured by a reasonable grade subsequently established.
We have had some difficulty in determining the sense, In some instances, in which the words “ grade” and “grade established ” were used, in the charge of the court below. But, without referring to instances more particularly, it is enough to say, that we are of opinion that the establishment of a grade whereby lot-owners are justified in assuming that no change will be made in the grade of a street, and may, therefore, improve their lots with reference to its present condition, so that the municipality will be liable for injuries to their improvements, resulting from a subsequent change of the grade, does not necessarily require the passage of an ordinance or other legislative action; but it may bo shown, by the nature of the improvement on the surface of the street, under the direction or sanction of the proper authorities, whether in accordance with an ordained grade line or not; but otherwise, if the surface improvement indicates a mere temporary use or condition of the street.
The plaintiff in error requested the court to charge as follows :
“ There being no claims made by the claimant of damages in this case that any part of their lands have been taken, and damages being claimed solely on account of a change of grade, the plaintiff can not recover damages for injury to any part of their property built upon, unless such *337 buildings were built after a grade was actually established, by the town or city authorities, in accordance with such, grade, or that such buildings, if constructed before a grade* was established, were constructed with reference to a reasonable grade, and that the city by establishing an unreasonable grade has caused the injury complained of.”
While this request might properly have been refused, on> the -ground that it omitted the case where a reasonable' grade, which had been afterward established, was anticipated by the claimant of damages, it was nevertheless-given, with this qualification :
“ I give you this as law, except the concluding paragraph,, that the city, by establishing an unreasonable grade, has-caused the injury complained of. I say to you that it is-not necessary for you to find that the present grade is an unreasonable one, for the present time, in order that the plaintiff may recover.”
This qualification was calculated to mislead the jury, in respect to the risk which the owner assumed in improving-his lot before the grade of the street was established. He-was bound to anticipate the future grade of the street, in accordance with the future wants of the public. The question is not, what would have been a reasonable grade at the time the lot was improved, but, was the first grade, indicating permanency, reasonable at the time it was established? The liability of the municipality would attach only when such grade was unreasonable, or if reasonable, by subsequently changing it, to the injury of adjacent buildings.
The plaintiff in error also requested the court to charge as follows:
“ The law presumes and the jury will presume that the grade established and the acts done by the city council were legally established and done, and that the grade established and improvement made were reasonable, until the-contrary appears ;” which request was given, the court adding thereto the following charge : “ That what was a rea *338 sonable grade in 1873 might not bave been a reasonable grade in 1844. What would be a reasonable grade in a village of two thousand inhabitants might not be a reasonable gradé for a city of fifteen thousand inhabitants. If the plaintiff built, in 1842, in reference to what would have ibeen a reasonable grade then, and such grade was established, his right to recover would not be determined by tlie fact that the preseht grade is or is not an unreasonable one.”
Admitting the last clause of this instruction to be a correct statement of the law, we-think the whole instruction ■was misleading. Suppose that “ what would have been a reasonable grade ” in 1842, had not been afterward established, and the jury had found, the grade of 1873 to be the •first grade established, then they might well bave understood, from this instruction, that the city was liable, iif they further found that the grade of 1873 would have been unreasonable in 1842. And thus the abutting proprietor would be relieved from the risk of anticipating a future reasonable grade, under the general rule, without bringing himself within the exception which has been .recognized in this state.

Judgment reversed and cause remanded.